UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Bette Jane Pfenning, et al.**

     v.                        Civil No. 15-cv-422-PB
                                    Opinion No. 2016 DNH 078

**Jon Brewer, et al.**


**MEMORANDUM AND ORDER**

Bette Jane Pfenning and Lawrence Sumski, the Chapter 13 trustee of Pfenning's estate, brought an adversary action against Jon Brewer and the Lord Family Trust in the United States Bankruptcy Court for the District of New Hampshire. There, plaintiffs alleged that Brewer breached the warranty of title and violated the New Hampshire Consumer Protection Act ("CPA") by selling real property to Pfenning without first obtaining the mortgagee's consent to convey the property subject to an outstanding mortgage.  The Bankruptcy Court determined that plaintiffs' CPA claim was barred by the applicable three-year statute of limitations, and that their warranty of title claim failed on the merits.  Here, plaintiffs appeal the Bankruptcy Court's ruling on their warranty of title claim.

## I. <u>BACKGROUND</u>

### A. <u>Facts</u>

In 2006, Brewer purchased property located at 2 Highland View Road in Claremont, New Hampshire ("the Property").  Brewer, who acquired the Property as Trustee of the Lord Family Trust, took title subject to an outstanding first mortgage held by National City Mortgage Company, now known as PNC Mortgage.  That mortgage contained a due-on-sale clause, which provided in relevant part,

> If all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by [the National City Mortgage].

Doc. No. 6-2 at 2 (the due-on-sale clause).

In June 2009, Brewer, in his capacity as Trustee, and Pfenning, as buyer, executed a purchase and sale agreement for the Property.  Although the parties agreed that Brewer would finance Pfenning's purchase, the purchase and sale agreement did not indicate that the sale would be subject to the existing National City Mortgage.  At the July 2009 closing, however, before signing the closing documents, Pfenning learned that her financing consisted of a "wrap around" note and mortgage, and that the sale would be subject to the National City Mortgage in

addition to the mortgage she would grant Brewer.  Doc. No. 1 at
9.  Pfenning was upset with that arrangement, but nonetheless
executed the "All Inclusive (Wrap Around) Promissory Note
Secured by Deed of Trust" (the "Note") and mortgage (the "Brewer
Mortgage") that same day.  Id.

The Note reflected a loan of $144,600.00, accruing interest
at an annual rate of 4%, payable in $1,100 monthly installments
for three years, with a balloon payment for the entire
outstanding balance due on July 20, 2012.  Id. at 3.  The Note
provided that "the balance . . . includes the unpaid balance of
an underlying note and mortgage," and identified the National
City Mortgage and the note it secured.  See Doc. No. 5-8 at 3
(the Note).  In addition, both the Warranty Deed and the Brewer
Mortgage provided: "[t]he within conveyance is made subject to
an outstanding mortgage from Jeffrey A. Lord to National City
Mortgage Co. by mortgage deed dated September 24, 2004, recorded
in Volume 1475, Page 833 of the Sullivan County Registry of
Deeds."  Doc. Nos. 5-9 at 4 (Warranty Deed); 5-10 at 13 (Brewer
Mortgage).  Despite the National City Mortgage's due-on-sale
provision, however, Brewer did not inform PNC Mortgage of his
sale to Pfenning, or ask the company to waive the clause.

After the closing, Pfenning contacted a mortgage broker,
her bank, the New Hampshire Banking Commission, and an attorney,

3

but was unable to change the terms of her financing.  Then, for three years, she made all monthly payments due under the Note to Brewer (totaling about $39,000), but did not pay the balloon payment due in July 2012, or seek to refinance the obligation. And, when Pfenning stopped paying Brewer, Brewer stopped making payments on the National City Mortgage to PNC Mortgage.  In October 2012, PNC Mortgage instituted foreclosure proceedings. Pfenning filed a Chapter 13 petition on October 26, 2012.[1]

**B.    Bankruptcy Proceedings and Appeal**

On October 15, 2014, Pfenning brought an adversary action in the Bankruptcy Court against Brewer and the Lord Family Trust.  Pfenning alleged that Brewer had breached the warranty of title by failing to obtain PNC Mortgage's consent to sell the Property to Pfenning, as contemplated by the National City Mortgage's due-on-sale provision.  Pfenning further alleged that Brewer's actions violated the New Hampshire Consumer Protection

---

[1] Pfenning claims that she first learned of Brewer's alleged breach of the warranty of title in 2012, when she was unable to deal directly with PNC Mortgage regarding the pending foreclosure.  See Doc. No. 5 at 10.  As a result of the Chapter 13 proceedings, Pfenning has reinstated the National City Mortgage with a catch-up payment, required PNC Mortgage to accept monthly mortgage payments from Pfenning directly, and brought the mortgage current.  See Doc. No. 6 at 8.  In addition, because the balance of the National City Mortgage (the first mortgage) greatly exceeded the value of the Property, the Brewer Mortgage (the second mortgage) was avoided as being wholly unsecured.  See Doc. No. 1 at 4 n.9.

Act ("CPA").  Pfenning sought, among other relief, reimbursement for her previous payments to Brewer, and an order directing the defendants to "pay the balance of the National City Mortgage" note.  See Doc. No. 2 at 14-15.

The Bankruptcy Court conducted a trial in September 2015. At the close of Pfenning's case, defendants moved for judgment on both Pfenning's warranty of title and CPA claims pursuant to Federal Rule of Civil Procedure 52(c).  In a subsequent written order, the Bankruptcy Court granted the defendants' motion, concluding that (1) Pfenning's CPA claim was barred by the applicable three-year statute of limitations, and (2) Pfenning's warranty of title claim failed on the merits.  Doc. No. 1 at 11-13.  Accordingly, the court dismissed both of Pfenning's claims. Id. at 14.  Pfenning then filed this appeal, appealing the Bankruptcy Court's decision only as it relates to her warranty of title claim.  See Doc. No. 5 at 5 (waiving her appeal with respect to the CPA claim).

## II. <u>STANDARD OF REVIEW</u>

This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from the Bankruptcy Court's final judgments, orders, and decrees.  In conducting my review, I "scrutinize that court's findings of fact for clear error, and

afford de novo review to its conclusions of law." Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l), 132 F.3d 104, 107 (1st Cir. 1997).  I may "affirm the bankruptcy court order on any ground apparent from the record on appeal." Cromwell v. Countrywide Home Loans, Inc., 483 B.R. 36, 40 (D. Mass. 2012) (quoting Spenlinhauer v. O'Donnell, 261 F.3d 113, 117 (1st Cir. 2001)).

## III. ANALYSIS

On appeal, Pfenning argues that the Bankruptcy Court erred in granting defendants' motion with respect to her warranty of title claim.  Under New Hampshire law, a duly executed and delivered warranty deed includes four covenants by the grantor:

> (1) that, at the time of the delivery of such deed, the grantor was lawfully seized in fee simple of the granted premises; (2) that the said premises were free from all incumbrances, except as stated; (3) that the grantor had good right to sell and convey the same to the grantee, heirs, successors and assigns; and (4) that the grantor will . . . warrant and defend the same to the grantee and heirs, successors and assigns, against the lawful claims and demands of all persons.

Coco v. Jaskunas, 159 N.H. 515, 537-38 (2009) (citing N.H. Rev. Stat. § 477:27).  Here, Pfenning focuses exclusively on the third covenant, and argues that Brewer did not have "good right to sell and convey" the Property, because he did not get PNC Mortgage to waive its due-on-sale clause before the sale.  I

disagree.

The covenant of the right to convey represents that the grantor has legal authority to convey the property described in the warranty deed. Lloyd v. Estate of Robbins, 997 A.2d 733, 740 (Me. 2010); 4 Herbert Thorndike Tiffany, Real Prop. § 1001 (3d ed. 1975) ("The covenant of a right to convey generally only represents that the individual has the authority and legal capacity to sell the property upon the same terms and conditions as the owner and does not imply any other warranties."); 17-5 New Hampshire Practice: Real Estate § 5.06 (2015). In most cases, the covenant of the right to convey is equivalent to the covenant of seisin. Lloyd, 997 A.2d at 740; see Peters v. Bowman, 98 U.S. 56, *3 (1878); Willard v. Twitchell, 1 N.H. 177 (1818) ("The covenants in our deeds, 'that the grantor is the lawful owner, that he is seized in fee, and that he has good right to sell and convey,' have always received a construction that makes them merely synonimous."). Consequently, the grantor breaches these covenants when he purports to transfer real property by warranty deed that he does not own, or otherwise have the authority to convey.

Under the facts of this case, I reject Pfenning's contention that the National City Mortgage's due-on-sale clause, or Brewer's failure to get PNC Mortgage to waive that clause,

affected Brewer's right to convey the Property.  The due-on-sale clause here provided that "[i]f all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by [the National City Mortgage]."  Doc. No. 6-2 at 2.  The due-on-sale provision thus allowed PNC Mortgage to accelerate the loan if Brewer transferred the Property without the company's consent.  Yet, by its terms, the clause did not limit Brewer's right to convey the property; it merely provided for certain consequences if he did so without first obtaining PNC Mortgage's permission.  Indeed, as the New Hampshire Supreme Court has explained, due-on-sale clauses do not themselves "result in the forfeiture of the owner's title and [do] not preclude the mortgagor from conveying the property."  Mills v. Nashua Fed. Sav. & Loan Ass'n, 121 N.H. 722, 725 (1981) (holding that due-on-sale clauses are not per se unreasonable restraints on alienation).  More to the point, these provisions do not themselves constitute "any impingement on the owner's freedom to convey the property."  Id.

     Pfenning does not explain why, in light of this precedent, the due-on-sale clause here affected Brewer's right to convey the Property.  See Doc. No. 5 at 10-15.  Nor does she cite any authority that substantiates such an argument, and I am aware of

8

none.  See id.  Instead, Pfenning apparently claims that Brewer did not have the right to convey because Pfenning "does not have good and marketable title."  Id. at 13; see also Doc. No. 7 at 9 ("Pfenning did not receive good and marketable title because Brewer lacked good right to sell and convey when he failed to obtain permission from PNC to sell without paying its mortgage off.").  Yet, Pfenning does not offer any precedent to support this supposed connection between the right to convey and "good and marketable title."  Likewise, she does not explain why the marketability of her title affects whether Brewer had the right to convey the Property in 2009.  Absent some reasoned argument on this point, I decline to go further.

Accordingly, I reject Pfenning's claim that Brewer breached the covenant of the right to convey by failing to get PNC Mortgage to waive its due-on-sale clause.[2]  I instead conclude that Brewer did not breach the warranty of title, and therefore affirm the Bankruptcy Court's decision.

---

[2] Nor did defendants violate the covenant that the Property was "free from all incumberances, except as stated."  The Warranty Deed here provided that "[t]he within conveyance is made subject to an outstanding mortgage from Jeffrey A. Lord to National City Mortgage Co."  Doc. No. 5-9 at 4.  The Warranty Deed thus explicitly "stated" that it was subject to the National City Mortgage.  Pfenning did not challenge this conclusion on appeal. See Doc. No. 5 at 9.

### III.   <u>CONCLUSION</u>

For the reasons provided above, the Bankruptcy Court's order granting judgment for the defendants is affirmed.

SO ORDERED.

<u>/s/ Paul Barbadoro</u>
Paul Barbadoro
United States District Judge

April 6, 2016

cc:   Peter S. wright, Jr., Esq.
      Eleanor Wm. Dahar, Esq.
      Geraldine Karonis, Esq.